George E. DODGE et al., Plaintiff-Respondent,

v.

FIREMEN'S FUND INSURANCE COMPANY; Dorothy Riebel Bell, d/b/a Riebel Motor Company, and M. F. A. Mutual Insurance Company, Defendants-Respondents.

FEDERAL MUTUAL INSURANCE COMPANY, Defendant-Appellant,

v.

Maxine MORRISON et al., Interveners-Respondents.

No. 23526.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Edwards, Hess & Collins, Macon, for appellant.

No appearance for respondents.

HUNTER, Presiding Judge.

This is an appeal by defendant-appellant, Federal Mutual Insurance Company, from a judgment of the Circuit Court of Randolph County, Missouri, declaring, among other things, that appellant is obligated under the terms of its insurance policy issued to Maurita Dodge on a 1954 Chevrolet car to defend all suits against her son, George DeWayne Dodge, arising out of a collision he had on June 4, 1959, with interveners-respondent the Morrisons and the Peavlers.

On the evening of June 3, 1959, Mrs. Dodge and a salesman for Riebel Motor Company came to an agreement concerning the trade of Mrs. Dodge's 1954 Chevrolet for a certain 1956 Ford. Mrs. Dodge signed an order form concerning finance payments and a chattel mortgage and note. The following day, June 4, 1959, George DeWayne Dodge was driving the 1956 Ford and was involved in a collision with a car occupied by interveners-respondents, the Morrisons and the Peavlers. As a result three damage suits totaling $32,500 have been filed by them against him and are pending in the Circuit Court of Randolph County, Missouri, at Moberly. On June 6, 1959, Dorothy Bell, owner of the Riebel Motor Company, made out and delivered to Mrs. Dodge an automobile title to the 1956 Ford and took an assignment of title to the 1954 Chevrolet owned by Mrs. Dodge.

Mrs. Bell had a liability insurance policy in effect with defendant Firemen's Fund Insurance Company. Mrs. Dodge had a policy of liability insurance in effect with appellant Federal Mutual Insurance Company issued to her as owner of the 1954 Chevrolet involved in the trade. George E. Dodge and Maurita Dodge had a policy of liability insurance in effect with M. F. A. Mutual Insurance Company issued to them as joint owners of another 1954 Chevrolet car not involved in the trade.

George E. Dodge, Maurita Dodge, and George E. Dodge as next friend of minor, George DeWayne Dodge, filed suit for this declaratory judgment praying for a determination of the rights and liabilities of the parties arising out of the mentioned insurance policies and for $10,000 damages.

Appellant, Federal Mutual Insurance Company, answered that the primary liability and the primary obligation to defend the suits filed against George DeWayne Dodge rested on Firemen's Fund Insurance Company, and that Federal Mutual Insurance Company and co-defendant M. F. A. Mutual Insurance Company have no obligation to defend the damage suits and are obligated to pay, equally, the excess above the policy limits of Firemen's Fund Insurance Company against George DeWayne Dodge.

The trial was to the court who on May 5, 1961, ruled that (1) M. F. A. Mutual Insurance Company is not obligated to defend or to pay any judgment in the mentioned actions; (2) defendant Firemen's Fund Insurance Company is obligated to defend and shall pay any judgments rendered against George DeWayne Dodge as a result of the mentioned collision up to the limits of its policy; (3) that appellant Federal Mutual Insurance Company is obligated to pay within the limits of its policy any excess above the policy limits of defendant Firemen's Fund Insurance Company of any judgment rendered against George DeWayne Dodge as a result of the collision and is obligated under the terms of its policy issued to Maurita Dodge to defend any and all suits against plaintiff George DeWayne Dodge arising out of the mentioned collision; and that (4) plaintiff George DeWayne Dodge recover from Firemen's Fund Insurance Company and Appellant in equal shares $500.00 for legal fees incurred in defending the actions filed against him arising out of said collision.

As mentioned, the only part of the declaratory judgment questioned on this appeal is that portion finding that appellant is obligated under the terms of its insurance policy issued to Maurita Dodge on the 1954

Chevrolet to defend any and all suits against her son George arising out of the June 4, 1959 collision with the Morrisons and Peavlers. The respondents have not favored us with a brief.

The judgment of the trial court determined that appellant Federal Mutual Insurance Company by the terms of its mentioned policy is only the excess carrier and is obligated to pay within the limits of its policy only any excess above the limits of Firemen's Fund Insurance Company of any judgment rendered against George De-Wayne Dodge as a result of the June 4, 1959 collision. The amounts prayed for in the three damage suits are $13,500, $15,500, and $3,500 for a total of $32,500. The policy coverage of the primary insurer Firemen's Fund Insurance Company, is $25,000 and $50,000. Thus the total of the amounts sued for is well within the coverage provided by the primary insurer, Firemen's Fund Insurance Company, which is obligated to defend and no longer questions its duty to defend. There is no suggestion that it is not a financially sound company able to carry out its duties imposed by its insurance policy.

Since Firemen's Fund Insurance Company alone must pay any of the judgments obtained it should have the exclusive right to control and to conduct the whole defense rather than to share that responsibility with another insurance company whose excess coverage under the facts presented will not be called upon. It would be unjust to Firemen's Fund Insurance Company to declare it has the duty to defend and the obligation to pay the judgments, if obtained, and still to permit Federal Mutual Insurance Company to participate in the control of the defense.

It is equally illogical and unjust to saddle appellant Federal Mutual Insurance Company with either the duty to defend or the expense of defending these suits when under the facts presented it has no financial interest in them and has not agreed to de-

fend them. As stated in 7A Appleman, Insurance Law and Practice, Sec. 4686, page 472: " * * * the insurer's duty to defend actions ordinarily is correlative with its duty to pay judgments against the insured, and generally the former duty does not exist if the latter does not."

In order to give the trial court opportunity to correct its judgment in accordance with this opinion by removing therefrom any declaration of duty on the part of appellant to defend and to pay any of the cost of defending the mentioned suits, the judgment is reversed and the cause is remanded.

All concur.